IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRIS A. LITTEN and
SHEILA J. LITTEN

       Plaintiffs,

v.                 //   CIVIL ACTION NO. 1:13CV192
                                 (Judge Keeley)

QUICKEN LOANS, INC.,
a corporation,

       Defendant.


**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS [DKT. NO. 3] WITH PREJUDICE**

In a number of recently filed lawsuits in this and other districts, see, e.g., Mazza v. Quicken Loans, Inc., No. 1:12CV142 (N.D.W. Va. Aug. 26, 2013) (joint stipulation of dismissal); Aliq v. Quicken Loans, Inc., No. 5:12CV115 (N.D.W. Va. Oct. 9, 2012) (order granting motion to remand); Bishop v. Quicken Loans, Inc., No. 2:09-1076, 2011 WL 1321360 (S.D.W. Va. Apr. 4, 2011), alleged victims of "predatory lending" have sought relief from a common lender, Quicken Loans, Inc. ("Quicken Loans").

Here, Chris and Sheila Litten (collectively, the "Littens") sued Quicken Loans, alleging unconscionable contract (count I), fraud (count II), illegal loan under W. Va. Code § 31-17-8(m)(7) (count III), and illegal loan under W. Va. Code § 31-17-9 (count IV). See Pls.' Compl., July 23, 2013, ECF No. 1-1. The Littens filed their complaint in the Circuit Court of Harrison County, West Virginia, on July 23, 2013. On August 26, 2013, Quicken Loans

## MEMORANDUM OPINION AND ORDER GRANTING THE
## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

timely removed the case to this Court and, on September 3, 2013, filed a motion to dismiss counts II-IV of the complaint. The motion is fully briefed, and, for the reasons discussed below, the Court **GRANTS** the motion.

### I. STANDARD OF REVIEW

In reviewing the sufficiency of a complaint, a district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)) (internal quotations omitted). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 127 S.Ct. at 1974).

## MEMORANDUM OPINION AND ORDER GRANTING THE
## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense [e.g., that the plaintiff's claim is time-barred] are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (emphasis in original) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

Finally, on a motion to dismiss, the Fourth Circuit permits courts to consider documents attached to the motion, "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)); see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004); Philips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999). Neither party calls into question the

## MEMORANDUM OPINION AND ORDER GRANTING THE
## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

authenticity of the documents attached to Quicken Loans' motion.[1]
Furthermore, it is incontrovertible that documents, including the
loan agreement, loan application, and deed of trust, are integral
to the Littens' claims.   Therefore, this Court may properly
consider them without converting Quicken Loans' motion into one for
summary judgment.

## II. FACTUAL BACKGROUND

The Court construes the following factual allegations in the
light most favorable to the Littens. In 2000, Mr. Litten built a
family home without borrowing any money.   Id. at ¶ 5. In 2003,
using the home as collateral, he borrowed approximately $80,000 at
a fixed interest rate of 7.5% from Citifinancial, Inc., in order to
pay medical bills and other debts.   Id. at ¶ 7.  The family began
making monthly payments of $547.39, which included both principal
and interest.   Id.

In April 2007, an agent for Quicken Loans contacted the
Littens, offering to refinance their loan.   Id. at ¶ 8.  After
multiple telephone solicitations, the Littens eventually discussed

---

[1] Without calling the documents' authenticity into question, the
Littens suggest that Quicken Loans must affirmatively prove their
authenticity before this Court considers them.  The Fourth Circuit has
determined otherwise.   See Blankenship, 471 F.3d at 526 n.1 ("[W]e may
consider the article even at the Rule 12(b)(6) stage, as . . .
Blankenship does not dispute its authenticity.").

**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

refinancing of their mortgage with the Quicken Loans agent. The agent allegedly guaranteed a 4.75% interest rate and stated that "the principal and interest payment would be about $575 per month." Id. at ¶ 9.

After their conversation, the Littens submitted the necessary paperwork and, one month later, were approved for the refinanced loan. Id. at ¶ 10-11. The agent called to congratulate the Littens on their approval and told them the closing on the loan would take place in two weeks. Id. at ¶ 11. Otherwise, the agent disclosed no additional terms to the Littens. Id. at ¶ 12.

As promised, the closing took place at the Littens' home two weeks later. Id. at ¶ 13. According to the complaint, it "was done in a rushed and hurried fashion," the Littens "were not allowed time to read the documents or afforded an opportunity to ask questions," and "the closing agent would only tell [the Littens] the title of the document and instruct them where to sign and/or initial." Id. The Littens further allege that the closing agent failed to explain the terms of the loan or indicate that the actual terms differed from those guaranteed by the soliciting agent. Id. at ¶ 14. When the closing agent left, he took all the signed documents, leaving the Littens with nothing. Id. at ¶ 15.

### MEMORANDUM OPINION AND ORDER GRANTING THE
### DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

It was several months later before the Littens received copies of the closing documents they had signed.  Id.

The complaint fails to allege on which date the Littens realized that the actual terms of their loan differed from the terms guaranteed by the soliciting agent.  Nevertheless, the loan provided for monthly payments of $576.88 for ten years at a 6.75% interest rate, beginning on August 1, 2007.  Id. at ¶ 16.  Unknown to the Littens, the $576.88 payments included interest only, with no reduction to principal.  Id. At the end of the initial ten-year period, the monthly payment amount was to increase by more than $200.  Id. at ¶ 18.  Based on these terms, the total cost of the loan amounted to $259,795.20, as compared to a total cost of $197,000 for the Littens' previous loan.  Id. Quicken Loans earned $3000 from the transaction.  Id. at ¶ 19.

### III. DISCUSSION

### A. Count II: Fraud Claim

Quicken Loans argues that the Littens' fraud claim is time-barred.  Federal courts sitting in diversity apply state statutes of limitations to state law claims.  See Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1980).  To determine whether an action is

**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

time-barred, the Supreme Court of Appeals of West Virginia has

outlined a five-step analysis that courts should follow:

> First, the court should identify the applicable statute
> of limitation for [the] cause of action.  Second, the
> court . . . should identify when the requisite elements
> of the cause of action occurred.  Third, the discovery
> rule should be applied to determine when the statute of
> limitation began to run by determining when the plaintiff
> knew, or by the exercise of reasonable diligence should
> have known, of the elements of a possible cause of action
> . . . .  Fourth, if the plaintiff is not entitled to the
> benefit of the discovery rule, then determine whether the
> defendant fraudulently concealed facts that prevented the
> plaintiff from discovering or pursuing the cause of
> action.  Whenever a plaintiff is able to show that the
> defendant fraudulently concealed facts which prevented
> the plaintiff from discovering or pursuing the potential
> cause of action, the statute of limitation is tolled.
> And fifth, the court or the jury should determine if the
> statute of limitation period was arrested by some other
> tolling doctrine.

Syl. Pt. 5, <u>Dunn v. Rockwell</u>, 689 S.E.2d 255, 258 (W. Va. 2009).

Here, the parties' primary dispute revolves around the first step

of the analysis -- the applicable statute of limitations.  Quicken

Loans argues that, pursuant to W. Va. Code 55-2-12, the statute of

limitations is two years.  The Littens, on the other hand, contend

that, because they pled their fraud claim in equity, it is subject

to a laches defense, rather than the statute of limitations.

Again, <u>Dunn</u> provides the applicable law: "Where a suit based

on fraud is not for damages but seeks to rescind a writing or

impose a trust or other equitable relief, it is not a common law

7

## MEMORANDUM OPINION AND ORDER GRANTING THE
## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

action for fraud but is equitable in nature. Consequently, the doctrine of laches is applicable rather than any specific statute of limitations period." Syl. Pt. 7, <u>Dunn</u>, 689 S.E.2d at 258. However, as <u>Dunn</u> continues, "[t]his is not to say that there is no time limit for filing an equitable cause of action." <u>Id.</u> at 267 n.11. "Laches applies to equitable demands where the statute of limitation does not." Syl. Pt. 2, <u>Condry v. Pope</u>, 166 S.E.2d 167, 167 (W. Va. 1969).

"Laches is a delay in the assertion of a known right which works to the disadvantage of another." Syl. Pt. 2, <u>Bank of Marlinton v. McLaughlin</u>, 17 S.E.2d 213, 214 (W. Va. 1941). But "[m]ere delay will not bar relief in equity on the ground of laches." Syl. Pt. 1, <u>State ex rel. Smith v. Abbot</u>, 418 S.E.2d 575, 576 (W. Va. 1992). Instead, the West Virginia Supreme Court "has consistently emphasized the necessity of a showing that there has been a detrimental change of position in order to prove laches." <u>Dunn</u>, 689 S.E.2d at 267 (citing <u>Maynard v. Board of Educ. of Wayne Cnty.</u>, 357 S.E.2d 246, 253 (W. Va. 1987); Syl. Pt. 3, <u>Carter v. Price</u>, 102 S.E. 685 (W. Va. 1920)).

Count II of the complaint requests that the Court enjoin the further enforcement of the loan and security instrument, and order a set-off, restitution, and other equitable relief. Compl. at

**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

¶ 33.  The Littens intentionally pled their fraud claim in equity, rather than for damages.  Thus, under West Virginia law, laches, rather than a statute of limitations, applies.  Therefore, "[o]ur analysis . . . is at an end, and we need not consider the remaining steps in our five-step analysis." Dunn, 689 S.E.2d at 267.  That said, the Court must analyze whether laches bars the fraud claim.

For laches to bar a claim, the defendant must establish a detrimental change of position as a result of a plaintiff's delay in bringing the action.  See White v. Daniel, 909 F.2d 99, 102 (4th Cir. 1990) ("Laches imposes on the defendant the ultimate burden of proving '(1) the lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.") (citing Costello v. United States, 365 U.S. 265, 282 (1961)).  Neither Quicken Loans' brief nor its oral argument asserted any detrimental change in position caused by the Littens' delay.  Nevertheless, the law supplies it.

"Under equitable principles the statute of limitations applicable to analogous actions at law is used to create a 'presumption of laches.'  This principle 'presumes' that an action is barred if not brought within the period of the statute of limitations and is alive if brought within the period." Tandy Corp. v. Malone & Hyde, Inc., 769 F.2d 362, 365 (6th Cir. 1985).

## MEMORANDUM OPINION AND ORDER GRANTING THE
## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

Some courts agree with the Sixth Circuit's bright-line principle. See, e.g., Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164, 169 n.3 (8th Cir. 1995) ("But even when applying laches to an equitable claim, courts apply a presumption that the action is not barred if brought within the statute of limitations period for 'analogous' actions at law."), overruled on other grounds by Rowe v. Hussman Corp., 381 F.3d 775, 782 n.6 (8th Cir. 2004). Others, however, view the analogous statute of limitations more as a benchmark. See, e.g., DeSilvio v. Prudential Lines, Inc., 701 F.2d 13, 15 (2d Cir. 1983) ("In analyzing whether a party is guilty of laches, a district court may not mechanically apply the local statute of limitations.").

Although the Fourth Circuit has not addressed the issue in recent years, several short per curiam opinions from the 1960s indicate its willingness to presume prejudice as a result of laggardness in bringing an equitable action. See Riddick v. Baltimore Steam Packet Co., 374 F.2d 870, 871 (4th Cir. 1967) (per curiam) (recognizing a "presumption of prejudice"); Davis v. Nelson, 285 F.2d 214, 215 (4th Cir. 1960) (per curiam) ("As this delay of nearly seven years exceeds any possibly applicable limitations period, it became the duty of the libellant to plead and prove facts negativing a presumption of prejudice from

10

**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

inexcusable delay.  The presumption would be against prejudice if

suit had been brought during the legal period of limitations.").

But see Giddens v. Isbrandtsen Co., 355 F.2d 125, 128-29 (4th Cir.

1966) (reversing the district court's application of laches because

"Giddens' dereliction alone did not establish laches" and because

"the shipowner presented no proof of prejudice beyond the inference

arising from the procrastination").

Although the Fourth Circuit has not spoken directly to the

issue, this district has adopted the Tandy presumption on three

occasions.  See Heavner v. Quicken Loans, Inc., No. 3:12CV68, 2013

WL 2444596, *5 (N.D.W. Va., June 5, 2013); May v. Nationstar

Mortg., LLC, No. 3:12CV43, 2012 WL 3028467, *7 (N.D.W. Va., July

25, 2012); In re Consolidation Coal Co., 228 F. Supp. 2d 764, 768-

69 (N.D.W. Va. 2001).

In Consolidation Coal, 228 F. Supp. at 766, the plaintiffs

suffered personal injuries on ships owned by Consolidation Coal

Company.  The injuries occurred on March 20, 1998, but the

plaintiffs did not sue until December 22, 2000 -- more than two

years, but less than three, after the claim accrued.  Id. Because

claims under admiralty law are subject to laches, the court had to

determine the analogous statute of limitations.  The plaintiffs

lobbied for the three-year statute of limitations found in 46

U.S.C. § 763a, while the defendants proposed the two-year statute of limitations set out in W. Va. Code § 55-2-12.  <u>Id.</u> at 768. Ultimately, the court applied the three-year limitations period from 46 U.S.C. § 763a, <u>id.</u> at 769, situating the plaintiffs' filing date within the analogous limitations period.  For this reason, the court imposed a burden on the defendants to prove unreasonable delay and prejudice in order to successfully assert a laches defense.  <u>Id.</u> at 770 ("Because this Court has found that the plaintiffs have filed their claims for breach of express and implied warranties within the analogous statutory period, the burden or proving unreasonable delay and prejudice falls on the defendants.").  Implicit in the court's decision is the corollary rule that defendants asserting laches bear no burden of demonstrating prejudice when the plaintiff filed the claim outside the analogous limitations period.  In such instances, prejudice is presumed.

Two cases demonstrate this point.  In <u>May</u>, 2012 WL 3028467 at *1-2, the court considered facts similar to those in the instant case.  Regretting having entered into a loan with Nationstar in November 2004, May filed a complaint in March 2012, alleging, <u>inter alia</u>, unauthorized practice of law by Nationstar's closing agent. <u>Id.</u> at *1-2, 7.  After concluding that May could not state a claim

12

**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

for unauthorized practice of law, the court dismissed the agent as a named defendant, which created complete diversity and the basis on which to deny May's motion to remand. <u>Id.</u> at *7. With that issue decided, the court engaged in a laches analysis to determine whether the unauthorized claim was also time-barred. <u>Id.</u> Applying the analogous two-year statute of limitations, the court explained that, "[b]ecause May failed to file the instant action until almost eight years after the closing, this [c]ourt presumes that Chambers would be prejudiced by allowing May to seek equitable relief on a claim for the unauthorized practice of law." <u>Id.</u>

One year later, the same issue arose again in <u>Heavner</u>, 2013 WL 2444596 at *5. Many of the facts in <u>Heavner</u> are identical to those in this case, including the fact that the defendant was Quicken Loans. Heavner, the plaintiff, alleged that, in closing on the loan transaction in August 2007, Quicken Loans engaged in fraud, the unlawful practice of law, predatory lending, and other unlawful conduct. <u>Id.</u> at *1. After Heavner filed his complaint on June 25, 2012, Quicken Loans moved to dismiss all the claims. <u>Id.</u> at *2. As in <u>May</u>, the court addressed whether the unlawful practice of law claim was time-barred and, in so doing, provided an interchangeable analysis. <u>Id.</u> at *5. "Plaintiff waited almost five years after he executed the loan documents at issue before filing this action.

## MEMORANDUM OPINION AND ORDER GRANTING THE
## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

This [c]ourt presumes that Defendant Quicken Loans would be prejudiced by allowing Plaintiff to seek equitable relief on a claim for the unauthorized practice of law." Id.

The Court finds the reasoning in May and Heavner persuasive. Here, the analogous statute of limitations for fraud claims is two years. See W. Va. Code § 55-2-12; see also CSX Transp., Inc. v. Gilkison, No. 5:05CV202, 2008 WL 858176, *4 (N.D.W. Va., Mar. 28, 2008) (citing Alpine Prop. Owners Ass'n, Inc. v. Mountaintop Dev. Co., 365 S.E.2d 57, 66 (W. Va. 1987)). Although the Littens' fraud claim accrued on the date of closing in the summer of 2007, under the "discovery rule," see Syl. Pt. 2, Gaither v. City Hosp., Inc., 487 S.E.2d 901, 903 (W. Va. 1997), the statute of limitations was tolled until the Littens should have discovered the fraud through reasonable diligence.

The complaint alleges that the Littens received a copy of all signed closing documents several months after the closing date. See Compl. at ¶ 15. These included the note, the deed of trust, the loan application, the settlement statement, the federal truth in lending statement, the monthly payment letter, and the notice of the right to cancel. See Def.'s Mem. in Supp. of Mot. to Dismiss, Exs. 1-7, Sept. 3, 2013, ECF No. 4. By reasonable diligence, the Littens should have culled the actual terms of the loan from the

**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

documents when they received them and could have concluded that Quicken Loans had defrauded them. Thus, the analogous statute of limitations would have expired sometime in September 2009. The Littens, however, delayed filing their complaint until almost four years later. See White, 909 F.2d at 102 ("[T]he defendant 'is aided by the inference of prejudice warranted by the plaintiff's delay.' . . . Clearly the greater the delay, the less the prejudice required to show laches.") (quoting Giddens, 355 F.2d at 128). Therefore, applying the Tandy presumption, the fraud claim, although equitable, is time-barred. Because that claim is time-barred, the Court need not address whether it was sufficiently pled.

## B. Counts III-IV: Illegal Loan Claims

In counts III and IV of the complaint, the Littens allege that Quicken Loans violated two sections of the West Virginia Residential Mortgage Lender, Broker and Servicer Act (the "Mortgage Lender Act"), W. Va. Code §§ 31-17 et seq. In particular, the Littens allege violations of §§ 31-17-8(m)(7) and 31-17-9.

Section 31-17-8(m)(7) provides that,

> [i]n making any primary or subordinate mortgage loan, no
> licensee may, and no primary or subordinate mortgage
> lending transaction may, contain terms which . . .
> [r]equire terms of repayment which do not result in

> continuous monthly reduction of the original principal
> amount of the loan.

Section 31-17-9 requires lenders at the time of closing to "furnish to the borrower a complete and itemized closing statement." Furthermore, under § 31-17-18, the penalties and remedies embodied in the Mortgage Lender Act are "cumulative with other applicable provisions of this code, including, but not limited to, the consumer protection laws in chapter forty-six-a of this code."

Quicken Loans argues that the Littens' illegal loan claims are time-barred under the two-year statute of limitations found in § 55-2-12. The Littens counter with two arguments. First, they urge the Court to engraft the one-year statute of limitations from § 46A-5-101(1) onto violations of § 31-17 et seq. Alternatively, they assert that the ten-year statute of limitations applicable to written contracts under W. Va. Code § 55-2-6 should apply here.

The Court turns first to the issue of whether to apply the ten-year statute of limitations for contracts to the Littens' illegal loan claims. West Virginia Code § 55-2-6 states in relevant part:

> Every action to recover money, which is founded upon an
> award, or on any contract . . . shall be brought within
> the following number of years next after the right to
> bring the same shall have accrued, that is to say: . . .
> if it be upon an award, or upon a contract in writing,

> signed by the party to be charged thereby, or by his
> agent, but not under seal, within ten years . . . .

The Littens argue that "[c]ounts III and IV for illegal loan contract are clearly claims found on contract." Pls.' Resp. Br. 9, Sept. 17, 2013, ECF No. 7.  They further argue that "[c]ontract remedies are available for violations of the [Mortgage Lender Act]." Id.  In its reply, Quicken Loans asserts that the ten-year statute of limitations in § 55-2-6 applies only to breach of contract claims and that the Littens' allegations are based in tort.

This Court has previously addressed the issue of which statute of limitations to apply to a statutory claim pursuant to § 55-2-6 or § 55-2-12.  See Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 813-15 (N.D.W. Va. 2006). The plaintiff in Thomas had sued the defendant bank under Article 9 of the Uniform Commercial Code (the "UCC"), W. Va. Code § 46-9-207, for breach of a secured party's duty to preserve collateral.  443 F. Supp. 2d at 808.  As here, the parties disagreed as to whether § 55-2-6 or § 55-2-12 applied.  Id. at 810. In Thomas, the court examined West Virginia case law, observing that, in determining whether a statutory claim should be governed by the contract or tort limitations period, the West Virginia Supreme Court's decisions are split.  Compare Plumley

v. May, 434 S.E.2d 406, 410 (W. Va. 1993); Jones v. Tri-Cnty.
Growers, Inc., 366 S.E.2d 726, 729 (W. Va. 1988); Lucas v. Moore,
303 S.E.2d 739, 741 (W. Va. 1983); Western v. Buffalo Min. Co., 251
S.E.2d 501, 504 (W. Va. 1979), with Wilt v. State Auto. Mut. Ins.
Co., 506 S.E.2d 608, 610 (W. Va. 1998); Taylor v. Ford Motor Co.,
408 S.E.2d 270, 274 (W. Va. 1991). Despite this, "[t]he central
inquiry is whether the legislature intended recovery to consist of
damages arising from a contractual relationship between the parties
or, instead, to include the possibility of winning damages
traditionally associated with tort actions." Thomas, 443 F. Supp.
2d at 813.

Applying that inquiry, Thomas focused on language from the
UCC, which allowed damages that would put a plaintiff "in as good
a position as if the other party had fully performed," noting that
such language is "the typical standard of recovery for contract
claims." Id. at 814 (quoting W. Va. Code § 46-1-106). The decision
explains that the unavailability of attorneys' fees under the UCC
was consistent with common law rules for contract cases. Thomas,
443 F. Supp. 2d at 814. Finally, it observed that "[t]hese
considerations lead toward the conclusion that Thomas's U.C.C.
claim is contractual in nature and therefore is governed by § 55-2-
6." Id.

**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

Here, the Littens allege that Quicken Loans "<u>willfully</u> required terms of repayment which do no result in continuous monthly reduction of the original principal amount" in violation of W. Va. Code § 31-17-8(m)(7), Compl. at ¶ 35 (emphasis added), and "<u>willfully</u> failed to provide Plaintiffs with signed copies of the closing documents" in violation of W. Va. Code § 31-17-9, Compl. at ¶ 37 (emphasis added).  Their reliance on the adverb "willfully" indicates that the illegal loan claims are tortious in nature: omission of the willfulness element would not affect contract damages.  See <u>Globe Refining Co. v. Landa Cotton Oil Co.</u>, 190 U.S. 540, 547 (1903) ("The motive for the breach commonly is immaterial in an action on the contract.").

Turning to the statutes, § 31-17-9 prohibits the omission of a physical act, namely, providing a closing statement to the borrower.  Such violations are ex-contractu.  Although § 31-17-8(m)(7) prohibits certain terms in the loan agreement, § 31-17-17(a) provides that voidance of the loan is appropriate only when it is "made in <u>willful</u> violation of the provisions of this article."  Again, "willful" indicates that the legislature contemplated violations of the Mortgage Lender Act as tortious rather than contractual.  Also, the Mortgage Lender Act's language of intent is contrary to the expectation damages provision from the

### MEMORANDUM OPINION AND ORDER GRANTING THE
### DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

UCC noted in <u>Thomas</u>.  Moreover, § 31-17-17(c) includes attorneys'
fees and costs in the statutory damages available upon violation of
the Mortgage Lender Act.  As this Court noted in <u>Thomas</u>, 443 F.
Supp. 2d at 814, "[t]he unavailability of . . . an award of
attorneys' fees [] would be consistent with the common law rules
generally barring such remedies in contract cases."  <u>See also</u>
<u>McCormick v. Allstate Ins. Co.</u>, 475 S.E.2d 507, 513 (W. Va. 1996)
("[A]ttorney fees are not ordinarily recoverable in simple actions
on a contract.").  Therefore, the Littens' illegal loan claims are
not subject to the ten-year limitations period from § 55-2-6.

In the alternative, the Littens propose a statutory grafting
scheme, suggesting that the Court superimpose the statute of
limitations from the West Virginia Consumer Protection Act (the
"WVCPA"), W. Va. Code § 46A-1-101 <u>et seq.</u>, onto the Mortgage Lender
Act.  Section 46A-5-101(1) of the WVCPA applies to "violations
arising from other consumer credit sales or consumer loans."  For
such violations, the statute provides a one-year limitations period
that begins to run on "the due date of the last scheduled payment."
The loan in this case is secured by a thirty-year note, finally due
and payable on July 1, 2037.  Thus, under § 46A-5-101(1), the
Littens' time for filing an illegal loan claim would extend to July
1, 2038.  The Littens attempt to connect § 46A-1-101 <u>et seq.</u> with

## MEMORANDUM OPINION AND ORDER GRANTING THE
## DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

§ 31-17-1 et seq. by pointing to § 31-17-18, which sets forth the penalties and remedies for violations of the Mortgage Lender Act. It explains that such penalties and remedies are "not exclusive, but are cumulative with other applicable provisions of this code, including, but not limited to, the consumer protection laws in chapter forty-six-a of this code."

Initially, the Court notes that the Littens present a novel argument; neither this Court, its sister districts, nor the West Virginia Supreme Court of Appeals has addressed whether violations of the Mortgage Lender Act are subject to the § 46A-5-101(1) limitations period. Noting that "[t]he cardinal rule of statutory interpretation is to first identify the legislative intent expressed in the promulgation at issue," In re Clifford K., 619 S.E.2d 138, 146 (W. Va. 2005), the Court turns to the Littens' proposition.

The Littens have not presented, nor can the Court find, any evidence indicating that the West Virginia legislature intended to subject claims under one body of legislation (the Mortgage Lender Act) to the limitations period of an entirely different body of legislation (the WVCPA).  The time limitation contained in the last sentence of § 46A-5-101(1) is demonstrably applicable only to "action[s] pursuant to this subsection."

**MEMORANDUM OPINION AND ORDER GRANTING THE
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**

On the whole, the statute does three things. First, it specifies certain types of provisions found in Chapter 46A, for which a violation might occur. Second, it classifies those provision types into three broad categories: (i) consumer credit sales or consumer loans made pursuant to revolving charge accounts or revolving loan accounts; (ii) sales; and (iii) other consumer credit sales or consumer loans. Third, for the first two categories, the statute provides a four-year statute of limitations, while providing a one-year limitation period for the third. At bottom, however, for these periods of limitations to apply, the "creditor [must have] violated the provisions of [Chapter 46A]." W. Va. Code § 46A-5-101(1). Despite the Littens' novel argument, the reference to the WVCPA in § 31-17-18 does little more than clarify that borrowers may bring actions and be awarded damages under both the Mortgage Lender Act <u>and</u> the WVCPA.

Having eliminated § 55-2-6 and § 46A-5-101(1) as viable limitations periods for the Littens' illegal loan claims, the Court is left with the two-year statute of limitations in § 55-2-12. The Littens' claims accrued when Quicken Loans allegedly required terms of repayment that did not reduce the principal of their loan, actions that occurred at the closing on June 6, 2007. As noted, the discovery rule tolls the statute of limitations until the

plaintiffs knew or should have known of the alleged injury. Therefore, the statute did not begin to run until the Littens received the closing documents around September 2007, and it expired two years thereafter.  Having sat on their hands until July 2013, the Littens missed their statutory opportunity to file an illegal loan claims by nearly four years. The Littens claims are thus time-barred and the Court need not address whether those claims were sufficiently pled.

### IV. CONCLUSION

As discussed, the Court concludes that counts II-IV of the Littens' complaint are time-barred.  Accordingly, it **GRANTS** Quicken Loans' motion to dismiss counts II-IV of the complaint **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: November 12, 2013.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE